UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO:

ESTATE OF RAFEAL PORTER,

    Plaintiff,

v.

G4S SECURE SOLUTIONS (USA), INC.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, the ESTATE OF RAFEAL PORTER ("Plaintiff"), files the following Complaint against Defendant, G4S SECURE SOUTIONS (USA), INC. ("G4S" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter "ADA"), and specifically found, *inter alia,* that:

    (i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii) Historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) Discrimination against individuals with disabilities persists in such critical areas of employment;

    (iv) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

*42 U.S.C. § 12101(a)(1)-(3), (5), and (9).*

2. Congress explicitly set forth the purpose of the ADA; to wit:

   (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) Provide strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   (iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

*42 U.S.C. §§ 12101(b)(1)(2)* and *(4).*

3. This is an action to seek vindication of Plaintiff's civil rights against Defendant for the unlawful discrimination taken against Mr. Rafeal Porter based solely upon his disability.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is the estate and personal representative of Mr. Porter, an individual who was a resident of Escambia County, Florida, over the age of 18 years, and otherwise *sui juris,* prior to his death in August 2020.

5. Plaintiff, as the estate and personal representative of Mr. Porter, may therefore be substituted as the plaintiff in this case and pursue Mr. Porter's civil rights by law.[1]

6. Defendant, G4S, is a Florida corporation that maintains its principal place of business in Jupiter, Florida. Defendant, G4S, is authorized to do business in the State of Florida, and specifically within Pensacola, within the jurisdiction of this Honorable Court.

7. Defendant, G4S, transacts business within Escambia County, Florida, and interviewed Mr. Porter for employment in Escambia County, Florida, which is located within the jurisdiction of this Honorable Court.

---

[1] The question of claim survival under the ADA "is governed by federal common law." Guenther v. Griffin Constr. Co., Inc., 846 F.3d 979, 982 (8th Cir. 2017) (finding that an individual's estate may bring and maintain suit for damages under the ADA in place of the aggrieved party).

8. During all times material hereto, Defendant, G4S, employed over 15 individuals, and is therefore a covered employer under the Americans with Disabilities Act and the Florida Civil Right Act.

9. All acts and omissions giving rise to this dispute took place within Escambia County, Florida.

10. Jurisdiction is proper within the Northern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

11. Supplemental jurisdiction over state claims arising under the Florida Civil Rights Act is properly before this Court pursuant to *28 U.S.C. § 1367*.

12. Venue is proper within the Northern District of Florida pursuant to *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

13. During all material times hereto, Mr. Porter was partially blind in his right eye, which constitutes a bona fide disability under the ADA, as Mr. Porter was physically impaired and his major life activities were substantially limited.

14. Mr. Porter's disability of partial blindness was a condition he had his whole life.

15. G4S is a multinational security services company that provides security products and services to various companies and industries throughout the United States and worldwide.

16. G4S advertises itself as employing more than 126,000 people across the entire country, including the State of Florida. *See  https://www.g4s.com/who-we-are/our-people/our-employees.*

17. In particular, G4S provides security services to Ascension Sacred Heart Hospital (hereinafter "Sacred Heart"), located at 5151 North 9th Avenue, Pensacola, Florida 32504.

18. In or about July 2019, Mr. Porter applied and interviewed for a position of overnight security officer with G4S, at the Sacred Heart location.

19. The position of overnight security officer with G4S did not require an individual with perfect

3

    vision in order to perform the essential functions of the job.

20. Prior to interviewing for the position of overnight security officer with G4S, Mr. Porter had about 3 (three) years of work experience as a security officer.

21. Mr. Porter was qualified to perform the essential functions of the position of overnight security officer.

22. During his hiring process with G4S, Mr. Porter interviewed with Michael Brooks ("Brooks").

23. During Mr. Porter's interview with Brooks, Brooks informed Mr. Porter that his only concern regarding Mr. Porter's qualifications was Mr. Porter's disability.

24. In response, Mr. Porter assured Brooks that his disability would not affect his job performance of the essential functions of a security officer.

25. Brooks later called Mr. Porter on the phone to inform him that G4S chose not to hire him due to his partial blindness.

26. Mr. Porter exhausted his administrative claims against G4S by timely dual filing a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission on or about January 10, 2020, alleging discrimination on the basis of his disability.

27. Mr. Porter attempted to mitigate his damages.

28. On or about August 21, 2020, Mr. Porter passed away from the COVID-19 virus.

29. On or about August 26, 2020, the Florida Commission on Human Relations issued Mr. Porter his Notice of Rights, providing him (and his estate) with the right to bring a civil action against G4S.

## COUNT I - VIOLATIONS OF 42 U.S.C. § 12112(a) AMERICANS WITH DISABILITIES ACT - TITLE I

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though fully set forth

herein.

31. Plaintiff satisfied all necessary conditions precedent prior to filing this Complaint.

32. During all times material hereto, Mr. Porter was disabled, and therefore a qualified individual.

33. G4S intentionally discriminated against Mr. Porter under the Americans with Disabilities Act because of his disability.

34. In particular, G4S refused to hire Mr. Porter because of his disability.

35. As a result of G4S' discriminatory conduct, Mr. Porter and Plaintiff suffered damages.

36. As a result of G4S' discriminatory conduct, Plaintiff suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including lost wages, lost benefits, compensatory and punitive damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, the ESTATE OF RAFEAL PORTER, demands judgment be entered in her favor against Defendant, G4S SECURE SOLUTIONS (USA), INC., for violation of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Plaintiff and similarly situated individuals to Mr. Porter who have a disability; (b) compensatory damages to compensate Plaintiff for injuries resulting from such discrimination; (b) injunctive relief; (c) punitive damages; (d) reasonable attorney's fees, and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT II - VIOLATION OF FLA. STAT. § 760 - FLORIDA CIVIL RIGHTS ACT

37. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though fully set forth herein.

38. Pursuant to the Florida Civil Rights Act of 1992:

> The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religions, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capabilities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

*Fla. Stat. § 760.01(2)*

39. The Florida Civil Rights Act makes it unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status. *Fla. Stat. § 760.10(1)(a).*

40. During all pertinent time periods alleged herein, Plaintiff suffered from a bona fide handicap as that term is defined under the Florida Civil Rights Act.

41. Prior to the filing of this lawsuit, Plaintiff satisfied all conditions precedent arising under Florida law.

42. G4S intentionally discriminated against Mr. Porter under the Florida Civil Rights Act because of his handicap.

43. In particular, G4S refused to hire Mr. Porter because of his handicap.

44. As a result of G4S' discriminatory conduct, Mr. Porter and Plaintiff suffered damages.

45. As a result of G4S' discriminatory conduct, Plaintiff suffered and will continue to suffer damages, and is entitled to an award of all relief available under the Florida Civil Rights Act, including lost wages, lost benefits, compensatory and punitive damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, the ESTATE OF RAFEAL PORTER, respectfully requests that

this Honorable Court enter judgment in her favor against Defendant, G4S as follows: (a) permanently enjoin Defendant from continuing and/or maintaining the policy, practice and custom of denying, abridging, withholding or conditioning, the state of protected rights of employees on the basis of handicap; (b) awarding Plaintiff front and back pay in an amount to be determined at trial; (c) awarding reasonable attorney's fees and costs incurred in this action pursuant to *Fla. Stat. § 760.50*, subject to any multiplier modifications that this Court deems just and appropriate; (e) awarding Plaintiff all other sums of money, including medical benefits and other employment benefits with interest thereon, to which Plaintiff is entitled; (f) awarding Plaintiff compensatory, consequential, and punitive damages pursuant to *Fla. Stat. § 760.50(6)(a)(3)* and ordering any other further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

Dated this 2nd day of October 2020.

                                                                            **Respectfully Submitted,**

                                                                            **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardpllc.com

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the instant document was electronically filed via CM/ECF on October 2, 2020.

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST**: